IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

J&J SPORTS PRODUCTIONS, INC.,          ) Case No. 10-5136 SC
                                        )
            Plaintiff,                  ) ORDER GRANTING IN PART AND
                                        ) DENYING IN PART DEFENDANTS'
      v.                                ) MOTION TO DISMISS
                                        )
AJAY WALIA and RAKESH KUMAR             )
SONDHI, A/K/A RAKESH K. SONDHI,         )
individually and d/b/a PIZZA AND        )
PIPES; and INDIA HOUSE LLC, an          )
unknown business entity d/b/a           )
PIZZA AND PIPES,                        )
                                        )
            Defendants.                 )
_____ )

I.    **INTRODUCTION**

      Plaintiff J&J Sports Productions, Inc. ("Plaintiff") brought

this action against Defendants Ajay Walia ("Walia"), Rakesh Kumar

Sondhi ("Sondhi"), India House LLC ("India House LLC"), and Pizza

and Pipes ("Pizza and Pipes") (collectively, "Defendants") alleging

violations of 47 U.S.C. §§ 605 and 553, conversion, and violation

of the California Business and Professions Code §§ 17200, et seq.

ECF No. 1 ("Compl.") ¶¶ 10-38.  Now Defendants bring a Motion to

Dismiss certain claims pursuant to Federal Rule of Civil Procedure

12(b)(6).  ECF No. 9 ("Mot.").  The Motion is fully briefed.  ECF

Nos. 12, 13 ("Opp'n" and "Reply," respectively).  Pursuant to Civil

Local Rule 7-1(b), the Court finds the Motion suitable for

determination without oral argument.  For the reasons stated below, the Court GRANTS IN PART and DENIES IN PART Defendants' Motion to Dismiss.

## II.   **BACKGROUND**

Plaintiff is a California corporation with its principal place of business in Campbell, California.  Compl. ¶ 6.  Defendants Walia and Sondhi are shareholders in India House LLC, a California limited liability company.  India House LLC operates a restaurant called Pizza and Pipes in Redwood City, California.  Mot. at 2. Plaintiff alleges that it was granted the exclusive nationwide television rights to "'Firepower': Manny Pacquiao v. Miguel Cotto, WBO Welterweight," a November 14, 2009 closed-circuit telecast of boxing matches and commentary ("the program").  Compl. ¶ 11. Plaintiff allegedly entered into sublicensing agreements that gave commercial establishments in the hospitality industry the right to publicly exhibit the program.  Id. ¶ 12.  Plaintiff allegedly expended substantial funds in marketing, advertising, promoting, administering and transmitting the program to the licensees.  Id. ¶ 13.  Plaintiff alleges that Defendants unlawfully intercepted and exhibited the program at the time of its transmission at Pizza and Pipes.  Id. ¶ 14.

Defendants now move to dismiss certain claims.  They argue that all of Plaintiff's claims against Walia and Sondhi in their individual capacities should be dismissed without leave to amend for failure to plead sufficient facts to attach personal liability to shareholders of a limited liability company.  Mot. at 2.  They further contend that Plaintiff's claim under 47 U.S.C. § 605 should

United States District Court

For the Northern District of California

2

be dismissed as to all Defendants for failure to plead facts
sufficient to satisfy all elements of the cause of action.  Mot. at
2.

### III. <u>LEGAL STANDARD</u>

A motion to dismiss under Federal Rule of Civil Procedure
12(b)(6) "tests the legal sufficiency of a claim."  <u>Navarro v.
Block</u>, 250 F.3d 729, 732 (9th Cir. 2001).  Dismissal can be based
on the lack of a cognizable legal theory or the absence of
sufficient facts alleged under a cognizable legal theory.
<u>Balistreri v. Pacifica Police Dep't</u>, 901 F.2d 696, 699 (9th Cir.
1990).  Allegations of material fact are taken as true and
construed in the light most favorable to the nonmoving party.
<u>Cahill v. Liberty Mutual Ins. Co.</u>, 80 F.3d 336, 337-38 (9th Cir.
1996).  "[T]he tenet that a court must accept as true all of the
allegations contained in a complaint is inapplicable to legal
conclusions.  Threadbare recitals of the elements of a cause of
action, supported by mere conclusory statements, do not suffice."
<u>Ashcroft v. Iqbal</u>, 129 S.Ct. 1937, 1949 (2009) (citing <u>Bell Atl.
Corp. v. Twombly</u>, 550 U.S. 544, 555 (2007)).  "When there are well-
pleaded factual allegations, a court should assume their veracity
and then determine whether they plausibly give rise to an
entitlement to relief."  <u>Iqbal</u>, 129 S.Ct. at 1950.  A motion to
dismiss should be granted if the plaintiff fails to proffer "enough
facts to . . . nudge[] their claims across the line from
conceivable to plausible."  <u>Twombly</u>, 550 U.S. at 570.
///
///

**United States District Court**
For the Northern District of California

**United States District Court**
For the Northern District of California

IV. **DISCUSSION**

    A. **First and Second Causes of Action for Violations of 47 U.S.C. §§ 553 and 605**

       Plaintiff's first claim is for violation of 47 U.S.C. § 605 ("§ 605"), which prohibits the unauthorized interception and publication or use of radio communications, including satellite broadcasts.  47 U.S.C. § 605(a); J & J Sports Productions, Inc. v. Manzano, No. C-08-01872, 2008 WL 4542962, *2 (N.D. Cal. Sept. 29, 2008).  Plaintiff's second claim is for violation of 47 U.S.C. § 553 ("§ 553"), which prohibits unauthorized interception of cable communications.  47 U.S.C. § 553(a)(1).  The elements of a claim under § 605 are that the defendant "(1) intercepted or aided the interception of, and (2) divulged or published, or aided the divulging or publishing of, a communication transmitted by the plaintiff."  California Satellite Sys. v. Seimon, 767 F.2d 1364, 1366 (9th Cir. 1985).  Section 553 prohibits a person from "intercept[ing] or receiv[ing] or assist[ing] in intercepting or receiving any communications service offered over a cable system."  47 U.S.C. § 553(a)(1).

       Here, Plaintiff alleges that it transmitted the program, Compl. ¶ 13, and that:

> With full knowledge that the Program was not to be intercepted, received, published, divulged, displayed, and/or exhibited by commercial entities unauthorized to do so, each and every of the above named Defendant [sic] and/or their agents, servants, workmen or employees did unlawfully intercept, receive, publish, divulge, display, and/or exhibit the Program at the time of its transmission at their commercial establishment in Redwood City, California located at 821 Winslow Street.

Id. ¶ 14.

       Defendants move to dismiss the § 605 claim as to all

4

**United States District Court**
For the Northern District of California

1

2   Defendants, or in the alternative, as to individual defendants

3   Sondhi and Walia.  Mot. at 3-5.  They move to dismiss the § 553

4   claim only as to individual defendants Sondhi and Walia.  <u>Id.</u> at 3-

5   4.

6        Defendants contend that Plaintiff's § 605 claim (but curiously

7   not its § 553 claim) must be dismissed as to all Defendants because

8   the Complaint does not contain facts specifying whether Defendants

9   allegedly intercepted a <u>cable</u> transmission or a <u>satellite</u>

10  transmission, and the Court thus cannot determine whether

11  Plaintiff's cause of action arises under § 553 or under § 605.[1]

12  Mot. at 5.  However, as Plaintiff notes in its Opposition,

13  Plaintiff pleads the § 605 and § 553 claims in the alternative,

14  alleging that the interception was <u>either</u> via satellite or cable.

15  Opp'n at 6.  The Federal Rules of Civil Procedure authorize such

16  alternative claims.  Fed. R. Civ. P. 8(d)(3) ("A party may state as

17  many separate claims or defenses as it has, regardless of

18  consistency.").  Moreover, this Court has previously found that

19  such a complaint is sufficient to state a claim under § 553 and

20  § 605 without specifying whether the interception occurred via

21  satellite or cable.  <u>J & J Sports Prod., Inc., v. Fraide</u>, No. 10-

22  cv-04180, 2011 U.S. Dist. LEXIS 16800, *4-5 (N.D. Cal. Feb. 14,

23  2011).  Defendants' request to dismiss the § 605 claim as to all

24  Defendants is therefore DENIED.

25  _____

26  [1] The case on which Defendants rely for this argument, <u>Joe Hand Promotions v. Rennard St. Enters.</u>, 954 F. Supp. 1046, 1054 (E.D. Pa. 1997), is inapposite.  In that case, the plaintiff brought a

27  cause of action under § 605 <u>only</u>.  Thus, the fact that the court was unable to determine from the complaint whether the transmission

28  at issue was via cable or satellite, and was thus unable to determine whether § 605 or § 553 applied, was fatal to the complaint.  <u>Id.</u> at 1054-55.

United States District Court
For the Northern District of California

Defendants next argue that the Complaint at least fails to state claims under § 553 or § 605 against Sondhi and Walia in their individual capacities.  The parties do not dispute that Sondhi and Walia are shareholders of India House LLC, which in turn owns Pizza and Pipes.  Defendants urge the Court to apply a standard of individual liability incorporated from the copyright context.  Mot. at 3.  Plaintiff, while initially expressing incredulity at Defendants' reference to copyright law, then proceeds to apply the same standard and rely on two cases that both import the copyright standard for individual liability to claims alleging violations of § 553 and § 605.[2]  Opp'n at 4-5 (citing J & J Sports Prod., Inc. v. Betancourt, No. 08-cv-937, 2009 WL 3416431, *2 (S.D. Cal. Oct. 20, 2009); Joe Hand Prod., Inc. v. Cain, 06-cv-12213, 2006 WL 2466266, *2 (E.D. Mich. Aug. 24, 2006)).  Indeed, it appears that all courts addressing the issue have applied the copyright standard for individual liability to violations of § 553 and § 605.  See, e.g., Cain, 2006 WL 2466266 at *2; Betancourt, 2009 WL 3416431 at *2; J & J Sports Prod., Inc. v. Potions Bar and Lounge, Inc., No. 08-cv-1825, 2009 WL 763624, *9 (E.D.N.Y. Mar. 23, 2009); J & J Sports Prod., Inc. v. Daley, No. 06-cv-0238, 2007 U.S. Dist. LEXIS 49839, *9 (E.D.N.Y. Feb. 15, 2007).

Under this standard, to establish vicarious liability of an individual shareholder for a violation of § 553 or § 605, Plaintiff must show that: (1) the individual had a right and ability to supervise the infringing activities and (2) had an obvious and direct financial interest in those activities.  Cain, 2006 WL

---

[2] Plaintiff's complaint also tacitly acknowledges the overlap of his claims with intellectual property law by referring to Defendants' alleged wanton disregard for Plaintiff's intellectual property rights.  Compl. ¶ 34.

**United States District Court**
For the Northern District of California

2466266 at *2.  Corporate officers and shareholders have the right
and ability to supervise a corporation's infringing activities when
they are "a moving active conscious force behind the corporation's
infringement."  Netbula, LLC v. Chordiant Software, Inc., 2009 U.S.
Dist. LEXIS 25372, *6 (N.D. Cal. 2009) (granting motion to dismiss
copyright infringement claims against chief executive officer and
vice president of corporation in their individual capacities).[3]
Therefore, to satisfy the "right and ability to supervise" prong, a
plaintiff must allege more than the shareholder's mere right and
ability to supervise the corporation's conduct generally.  Id. at
*9.  The plaintiff must allege that the defendant had supervisory
power over the infringing conduct itself.  Id.  Furthermore, to
satisfy the "direct financial interest prong," a plaintiff cannot
merely allege that the shareholders profit in some way from the
profits of the corporation.  Id. at *8.  Simply put, an
individual's status as a shareholder or officer is insufficient to
show that he or she had the requisite supervision authority or
financial interest to warrant individual liability.  Id. at *8-9.

While Netbula dealt with a corporation and the instant case
deals with an LLC, this distinction does not alter the appropriate
standard for individual shareholder liability.  "In general, an LLC
affords its members and managers (including officers) limited
liability essentially like that enjoyed by a corporate shareholder.
They are not personally liable for any debt, liability, or
obligation of the LLC arising in contract, tort, or otherwise

---

[3] Plaintiff argues that Netbula is inapposite because it was a
copyright infringement case.  Opp'n at 4.  However, as explained
above, courts apply the same standard for individual liability in
both signal pirating and copyright infringement cases.  Netbula is
therefore instructive as to the proper pleading requirements for §
605 and § 553 claims.

solely by being a member, manager or officer of the LLC."  5 Henry
W. Ballantine and Graham L. Sterling, Cal. Corp. Laws § 901.02[2]
(4th ed. 2010).  As with a corporate shareholder, therefore, in
order to hold a shareholder of an LLC liable for the LLC's
infringing conduct, a plaintiff must allege facts that show the
shareholder was "a moving active conscious force" behind the
infringing act itself and that the shareholder derived direct
financial benefit from the infringing conduct above and beyond a
generic linkage between the profits of the shareholder and those of
the LLC.

Here, the Complaint alleges that Sondhi and Walia are
"owner[s], and/or operator[s], and/or licensee[s] and/or person[s]
in charge, and/or individual[s] with dominion, control, oversight
and management" of Pizza and Pipes.  Compl. ¶¶ 8-9.  It later
alleges that each Defendant engaged in the interception and
publication of the program "for purposes of direct and/or indirect
commercial advantage and/or private financial gain."  Id. ¶¶ 8-9,
15.  Plaintiff has not articulated any specific facts to support
these conclusory allegations.  Plaintiff has not provided any facts
to suggest that Sondhi or Walia had supervisory authority over the
alleged interception and publication of the program or that they
directly benefitted financially from that activity.  Instead,
Plaintiff's allegations resemble a "threadbare recital[] of the
elements" required to establish liability for a violation of § 605
or § 553.  Iqbal, 129 S. Ct. at 1949.  Such allegations are
insufficient to satisfy Rule 8(a) under Iqbal.

Indeed, even before Iqbal, courts often found such conclusory
allegations of supervisory control insufficient to state a claim

United States District Court
For the Northern District of California

United States District Court
For the Northern District of California

for individual liability against a shareholder of a corporation under § 605 and § 553.  In J & J Sports Prod., Inc. v. Daley, No. 06-cv-0238, 2007 U.S. Dist. LEXIS 49839, *9-11 (E.D.N.Y. Feb. 15, 2007), the court found similar allegations insufficient to state a claim against an individual defendant whom the plaintiff alleged was the "sole officer, director, shareholder, and/or principal" of a barber shop.  As here, the plaintiff sued the barber shop and the individual for allegedly pirating a boxing broadcast.  Id. at *1, *10.  The court found the complaint's allegations were sufficient to state a claim against the barber shop but not sufficient to state a claim against the individual defendant.  Id. at *8-9.  The court noted that "[t]he Complaint sets forth only conclusory allegations based on information and belief to the effect that [the individual] is the company's principal, that he supervises and controls its operations, and that he derives financial benefit from the company."  Id. at *9.  The court found that such "generalized allegations" could not suffice to establish the vicarious liability of the individual defendant.  Id.  The court noted that logic did not support the inference that the individual "as an 'officer, director, shareholder, and/or principal'" of the shop necessarily had the requisite supervisory control or financial interest to warrant imposing individual liability.  Id. at *10-11.  The court cautioned that "J & J should in the future take care not to sue individuals without any reasonable basis for doing so."  Id. at 12.  Here, if Plaintiff has a reasonable basis for believing that Walia and Sondhi had supervisory authority over the alleged interception of the program and that they directly benefitted financially from doing so, it should plead facts that set forth that basis.

Plaintiff contends that this Court has repeatedly found identical allegations sufficient to state a claim against individual defendants.  Opp'n at 8 (citing J & J Sports Prod., Inc. v. Montecinos, No. 09-cv-02604, 2010 WL 144817, *3 (N.D. Cal. Jan. 11, 2010); J & J Sports Prod., Inc. v. Campos, No. 10-cv-1250, 2010 WL 5173893, *3 (N.D. Cal. Dec. 8, 2010).  However, neither of the cases Plaintiff cites involved individual defendants who were shareholders in a corporation or an LLC.  The Court therefore finds Netbula and Daley more apposite to the instant dispute.  Plaintiff also relies on Cain, a case from the Eastern District of Michigan which did involve a corporate shareholder, but Cain was decided before the Supreme Court's decisions in Twombly and Iqbal.  2006 WL 2466266 at *2 (rejecting defendants' argument that plaintiff failed to allege sufficient facts to support a piercing the corporate veil theory).  The Court is not persuaded that the Cain court's assessment of the sufficiency of the complaint would pass muster in light of Twombly and Iqbal.

For the foregoing reasons, the Court DISMISSES Plaintiff's first and second causes of action as to individual defendants Walia and Sondhi WITH LEAVE TO AMEND.

**B. <u>Third Cause of Action for Conversion</u>**

Plaintiff's third cause of action alleges that all Defendants committed the tort of conversion.  Compl. ¶¶ 25-28.  Defendants move to dismiss Plaintiff's conversion claim only as to individual defendants Sondhi and Walia.  Mot. at 5.  To state a claim for the tort of conversion under California law, a plaintiff must allege: (1) ownership or right to possession of property; (2) defendant's wrongful disposition of the property right of another; and (3)

United States District Court
For the Northern District of California

United States District Court
For the Northern District of California

1  damages.  Don King Prod./Kingvision v. Lovato, No. 95-cv-2827, 1996

2  U.S. Dist. LEXIS 17632, *16 (N.D. Cal. Nov. 15, 1996).  Plaintiff

3  has adequately alleged facts to support these elements.  Compl. ¶

4  11 ("Pursuant to contract, [Plaintiff] was granted the exclusive

5  nationwide commercial distribution (closed-circuit) rights to [the

6  program]."); ¶ 14 (each Defendant unlawfully intercepted and

7  published the program); ¶ 19 (Plaintiff is entitled to statutory

8  damages).

9       However, under California law, members of an LLC are afforded

10 the same limited liability as corporate shareholders; members are

11 not personally liable for the torts of the LLC unless they

12 participate directly in the tortuous conduct.  Cal. Corp. Code

13 § 17101(a), 17101(c).  This standard is identical to that which

14 applies to officers and directors of a corporation.  Frances T. v.

15 Village Green Owners Assoc., 42 Cal. 3d. 490, 508 (1986) ("[An]

16 officer or director will not be liable for torts in which he does

17 not personally participate.")  Courts have interpreted this to mean

18 that an individual officer or director will be immune from torts

19 committed by the corporation "unless he authorizes, directs, or in

20 some meaningful sense actively participates in the wrongful

21 conduct."  Id.

22      Thus, to properly allege a cause of action for conversion

23 against Sondhi and Walia, Plaintiff must plead facts giving rise to

24 a plausible claim that Sondhi and Walia actively participated in

25 some meaningful sense in the interception and publication of the

26 program.  The Complaint's allegation that "each and every of the

27 above named Defendant [sic] and/or their agents, servants, workmen

28 or employees did unlawfully intercept, receive, publish, divulge,

**United States District Court**
For the Northern District of California

1   display, and/or exhibit the Program" does not meet this standard.

2   Compl. ¶ 14.  First, it amounts to little more than a recitation of

3   an element of the claim expressly prohibited by Iqbal.  Second, the

4   statement is written in the disjunctive.  Even this bare allegation

5   does not specify whether Sondhi and Walia actively participated in

6   the alleged interception and publication of the program or whether

7   the alleged acts were committed by employees of Pizza and Pipes

8   with no involvement of Sondhi and Walia whatsoever.

9       For the foregoing reasons, the court DISMISSES Plaintiff's

10  third cause of action as to individual defendants Sondhi and Walia

11  WITH LEAVE TO AMEND.

12      **C.** **Fourth Cause of Action for Violation of California Business**

13          **and Professions Code**

14      Plaintiff's fourth cause of action alleges that all Defendants

15  have violated the Unfair Competition Law ("UCL"), California

16  Business and Professions Code sections 17200 et seq.  Compl. ¶¶ 29-

17  38.  Defendants again move to dismiss this claim only with regard

18  to individual defendants Sondhi and Walia.  Mot. at 6.

19      The UCL prohibits "any unlawful, unfair or fraudulent business

20  act or practice."  Cal. Bus. & Prof. Code § 17200.  It establishes

21  three varieties of unfair competition -- acts that are unlawful,

22  unfair, or fraudulent.  Aicco, Inc. v. Ins. Co. of N. Am., 109 Cal.

23  Rptr. 2d 359, 366 (Cal. Ct. App. 2001).  When determining whether a

24  practice is unlawful, the statute borrows violations of other laws,

25  and "virtually any law -- federal, state or local -- can serve as a

26  predicate for a section 17200 claim."  Id.  Here, the Court has

27  already dismissed Plaintiff's causes of action for violation of §

28  605, violation of § 553, and conversion with regard to individual

Defendants Sondhi and Walia.  Thus, there is no predicate claim on
which a UCL violation can stand with regard to these Defendants.
Therefore, Plaintiff's UCL claim against Sondhi and Walia is
DISMISSED WITH LEAVE TO AMEND.

## V.     CONCLUSION

     For the foregoing reasons, the Court DISMISSES WITH LEAVE TO
AMEND all causes of action as to individual Defendants Sondhi and
Walia only.  An Amended Complaint must be filed within thirty (30)
days of this Order or the claims dismissed without prejudice herein
will be dismissed with prejudice.  The Status Conference set for
April 29, 2011 remains as scheduled.


     IT IS SO ORDERED.


     Dated: March 14, 2011

                                    _____
                                    UNITED STATES DISTRICT JUDGE