IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| J&J SPORTS PRODUCTIONS, INC., ) | Case No. 10-5136 SC |
| ) | |
| Plaintiff, ) | ORDER GRANTING PLAINTIFF'S |
| ) | MOTION TO STRIKE |
| v. ) | |
| ) | |
| AJAY WALIA and RAKESH KUMAR ) | |
| SONDHI, A/K/A RAKESH K. SONDHI, ) | |
| individually and d/b/a PIZZA AND ) | |
| PIPES; and INDIA HOUSE LLC, an ) | |
| unknown business entity d/b/a ) | |
| PIZZA AND PIPES, ) | |
| ) | |
| Defendants. ) | |

## I. INTRODUCTION

This matter comes before the Court on the Motion to Strike Defendant's Affirmative Defenses brought by Plaintiff J & J Sports Productions, Inc. ("Plaintiff") against Defendant India House LLC ("India House"). ECF No. 10 ("MTS."). The Motion is fully briefed. ECF Nos. 15 ("Opp'n"), 18 ("Reply"). Pursuant to Civil Local Rule 7-1(b), the Court finds the Motion suitable for determination without oral argument. For the following reasons, the Court GRANTS Plaintiff's Motion.

## II. BACKGROUND

Plaintiff owns exclusive nationwide television rights to

"'Firepower': Manny Pacquiao v. Miguel Cotto, WBO Welterweight," a November 14, 2009 closed-circuit telecast of boxing matches and commentary ("the program"). ECF No. 1 ("Compl.") ¶ 11. On November 12, 2010, Plaintiff filed this action alleging that Defendants Ajay Walia ("Walia"), Rakesh K. Sondhi ("Sondhi"), and India House, d/b/a Pizza and Pipes restaurant, unlawfully intercepted and displayed the program at Pizza and Pipes in Redwood City, California. See id. Defendant India House owns Pizza and Pipes, and Defendants Sondhi and Walia are shareholders in India House. See ECF No. 20 ("Mar. 14, 2011 Order").

On December 27, 2010, Defendants Walia and Sondhi filed a Motion to Dismiss, and Defendant India House filed an Answer denying Plaintiff's allegations, setting forth nine affirmative defenses, and expressly reserving the right to assert additional affirmative defenses based on information learned during discovery. ECF Nos. 8 ("Answer"), 9 ("MTD"). On March 14, 2011, this Court dismissed Plaintiff's claims against individual defendants Sondhi and Walia with leave to amend. See Mar. 14, 2011 Order. Plaintiff now moves to strike all of India House's affirmative defenses, and its reservation of the right to assert additional affirmative defenses, pursuant to Federal Rule of Civil Procedure 12(f).

### III. LEGAL STANDARD

Rule 12(f) provides that "[t]he court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). Motions to strike are generally regarded with disfavor. Ganley v. County of San Mateo, No. 06-3923, 2007 WL 902551, *1 (N.D. Cal.

2

Mar. 22, 2007). The essential function of a Rule 12(f) motion is to "avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial." Fantasy, Inc. v. Fogerty, 984 F.2d 1524, 1527 (9th Cir. 1993), rev'd on other grounds, 510 U.S. 517 (1994).

**IV. DISCUSSION**

Plaintiff argues that all of India House's affirmative defenses and its reservation of the right to add additional defenses should be stricken on various grounds. MTS at 4-11. India House does not oppose the Motion with regard to eight of the nine affirmative defenses and the reservation. Opp'n at 3. Rather, it notes that it filed a First Amended Answer, ECF No. 14 ("FAA"), on Feb. 3, 2011, which eliminated eight of the nine affirmative defenses and the reservation and added additional facts to the sole affirmative defense remaining. Id. Plaintiff contends that the FAA was not properly filed under the Federal Rules of Civil Procedure. Reply at 2. India House asserts that it filed the FAA "as a matter of course under Federal Rule of Civil Procedure 15(b)." Opp'n at 2.

Rule 15(b) pertains to amendment of pleadings during and after trial and does not apply here. The Court surmises Defendants meant Rule 15(a)(1)(B). Rule 15(a)(1) states:

> A party may amend its pleading once as a matter of course within: (A) 21 days after serving it, or (B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier.

Fed. R. Civ. P. 15(a)(1) (emphasis added). "In all other cases, a

3

party may amend its pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). Here, Plaintiff rightly notes that India House may not rely on Rule 15(a)(1)(A) because it did not file the FAA within 21 days of serving the original Answer, and it may not rely on Rule 15(a)(1)(B) because an answer is not a pleading to which a responsive pleading is required. See Fed. R. Civ. P. 7(a)(7) (response to an answer not permitted unless ordered by the court). Therefore, India House was not permitted to file its FAA "as a matter of course"; rather, under Rule 15(a)(2), it was required to obtain Plaintiff's written consent or the Court's leave before filing the FAA. As it did not do so, the FAA is not properly before the Court, and the original Answer is treated as the operative pleading for the remainder of this Order.[1]

India House does not oppose Plaintiff's Motion with regard to affirmative defenses (1)-(3) or (5)-(9), or with regard to the express reservation of the right to assert future affirmative defenses. Opp'n at 3. Accordingly, the Court GRANTS Plaintiff's Motion to Strike these portions of the Answer.

All that remains for the Court to address is India House's fourth affirmative defense labeled "actions of others." Answer ¶ 43. In its fourth affirmative defense, India House states: "India House is not liable for the acts of others over whom it has no control. There is no agency between India House and the perpetrators of the alleged wrongful conduct." Id. Plaintiff argues that this assertion is not an affirmative defense but rather a denial of an element of Plaintiff's cause of action. MTS at 8.

---

[1] India House asks the Court to retroactively grant leave to file the FAA. The Court declines to do so.

4

The Court agrees. "Affirmative defenses plead matters extraneous to the plaintiff's prima facie case, which deny plaintiff's right to recover, even if the allegations of the complaint are true." Federal Deposit Ins. Corp. v. Main Hurdman, 655 F.Supp. 259, 262 (E.D. Cal. 1987) (citing Gomez v. Toledo, 446 U.S. 635, 640-41 (1980)). By contrast, "denials of the allegations in the complaint or allegations that the Plaintiff cannot prove the elements of his claims are not affirmative defenses." G & G Closed Circuit Events, LLC v. Nguyen, No. 10-cv-00168, 2010 WL 3749284, *5 (N.D. Cal. Sept. 23, 2010). Here, Plaintiff alleges in the Complaint that each and every Defendant and/or their agents unlawfully intercepted and displayed the program. Compl. ¶ 14. Thus, India House's assertion that the perpetrators of the alleged wrongful conduct were not its agents is a direct denial of the allegations in the Complaint; it does not deny Plaintiff's right to recover <u>if the allegations in the Complaint are true</u>. Accordingly, the Court grants the Motion to Strike India House's fourth affirmative defense because it is not actually an affirmative defense. This ruling does not preclude India House from asserting this claim as an ordinary defense to liability.

///
///
///
///
///
///
///
///

**V.    CONCLUSION**

For the foregoing reasons, the Court GRANTS the Motion to Strike filed by Plaintiff J & J Sports Productions, Inc. against Defendant India House LLC.  The Case Management Conference set for April 29, 2011 remains as scheduled.

IT IS SO ORDERED.

Dated: March 28, 2011



UNITED STATES DISTRICT JUDGE